# Commercial Union Assurance Company of London *versus* Hocking.

1. Under the terms of a policy of fire insurance, the assured was required forthwith to give notice of loss and within sixty days render a particular account of said loss. The assured gave notice of the total loss of the building insured forthwith, but did not render a particular account of said loss for nearly five months. The company, however, received said proofs of loss, referred them to its adjuster and retained them without objection or complaint for five months. In an action on the policy by the assured the company defended *inter alia* on the failure of the assured to furnish proofs of loss as required by the terms of the policy. *Held,* That the company had waived any objections to the proofs of loss they might have made.

2. Where an agreement to arbitrate does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more persons to be eventually chosen by the parties, it is revocable by either party, and such a provision is not adequate to oust the jurisdiction of the courts having cognizance of the subject-matter of the dispute.

3. A policy of fire insurance provided, that in case of loss and any difference arising between the parties respecting the loss or damage, at the written request of either party the matter should be submitted to arbitrators and that no suit or action against the company should be sustainable in any court of law or chancery until after the award of said arbitrators should be filed fixing the amount of the claim. A loss having occurred and a difference arising respecting the loss,—two arbitrators were appointed. They failed to agree. In an action brought by the

assured on the policy against the company, the company defended *inter alia* on the action having been brought before the filing of the award of arbitrators. *Held,* That the bringing of the action, on part of the assured, was a revocation of the submission to arbitrators.

4. Under the terms of a policy of fire insurance it was stipulated that the company might rebuild the property destroyed within a reasonable time, giving notice of their intention so to do within thirty days after the receipt of the proofs of loss; and it was also stipulated that the loss was not payable until sixty days after the receipt of the proofs of loss. The assured, having given notice forthwith to the company of the total destruction of the property insured, brought an action on his policy some four months after but within twenty days of his furnishing the company proof of loss. *Held,* That the action was prematurely brought and could not therefore be maintained.

5. The German American Insurance Co. *v.* Hocking, 5 Amerman, followed.

February 10th, 1887. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ., PAXSON and GREEN, JJ., absent.

ERROR to the Court of Common Pleas of *Somerset county:* Of January Term, 1887, No. 174.

Assumpsit, by George H. Hocking, brought April 17th, 1885, against The Commercial Union Assurance Company of London, on a policy of fire insurance issued by the defendant to the plaintiff.

The facts of the case as they appeared on the trial before BAER, P. J., are as follows:

On the 1st day of December, 1884, George H. Hocking, the defendant in error and plaintiff below, obtained from the Commercial Union Assurance Company of London, the plaintiff in error and defendant below, a policy of insurance, upon his "two-story, frame building, (metal roof,) 42x80 feet, occupied by store and dwelling and situate west side of Centre street, Meyersdale, Pa.," containing this clause, "privilege of other insurance." The policy was to continue from 1st December, 1884, to 1st December, 1885.

At the time this policy was issued Hocking had a policy on the same building issued by the Howard Insurance Company of New York, for $2,000, dated 24th March, 1884, to continue until the 24th March, 1885, and contained this clause, "$2,000 additional concurrent insurance."

On the 3d of December, 1884, he obtained a policy of insurance on the same building for $1,000, from the German American Insurance Company of Penn'a, which was to be in force from 29th November, 1884, until the 29th November, 1885, and contained this clause, "other concurrent insurance permitted."

The policy in suit was subject to the following conditions

and stipulations of the said company, "and which constitute the basis of this insurance."

Among said conditions are the following:

First. Condition 6, in case of any other insurance, upon the property hereby insured, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the same hereby insured bears to the whole amount insured thereon (and it is hereby declared and agreed that in case of the assured holding any other policy in this or any other company on the property insured, subject to the conditions of average, this policy shall be subject to average in like manner).

Second. Condition 8, persons sustaining loss or damage by fire, shall forthwith give notice of said loss to the company, and shall within sixty days render a particular account of such loss signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portion of all policies thereon, also the actual cash value of the property and their interest therein, etc., etc., and when and how the fire originated, and shall also produce a certificate under the hand and seal of a magistrate or notary public (nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured), stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has, without fraud, sustained loss on the property insured, to the amount which such magistrate or notary public shall certify, and no examination of the assured nor investigation by the company, nor reference to, nor award of, arbitrators shall operate as a waiver on the part of the company of any of the provisions, conditions or requirements of this policy respecting the making or filing particular account of loss as herein provided.

And until sixty days after such proofs, declarations and certificates are produced and examinations and appraisals permitted by the claimant, the loss shall not be payable.

And provided further that it shall be optional with the company to repair, rebuild or replace the property, loss or damage, with other of like kind and quality within a reasonable time, giving notice of their intention so to do within thirty days after the receipt of proofs herein required, etc.

The cash value of property destroyed or damaged by fire shall in no case exceed what would be the cost to the assured at the time of the fire of replacing the same, and in case of the depreciation of such property, from use or otherwise, a suita-

ble deduction from the cash cost of replacing shall be made, to ascertain the actual cash value.

Third. Condition 11, it is furthermore hereby expressly provided, and mutually agreed, that no suit or action against this company, for the recovery of any claim, by virtue of this policy, shall be sustainable in any court of law or chancery, until after an award shall have been obtained fixing the amount of such claim in the manner above provided, etc., etc.

And it is hereby understood and agreed, by and between the company and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions, which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein otherwise specially provided for in writing.

On the 4th day of December, 1884, the building was destroyed by fire. The value of the building at the time of the fire was from $4,200 to $4,500. Shortly after the fire, notice was given to the company.

Proofs of loss were not furnished to the company until the 28th March, 1885. These proofs contained notice of amount of insurance in the German American Company of $1,000, and in the Howard Insurance Company of New York, of $2,000.

Arbitrators were appointed, but being unable to agree filed no award.

This action was brought on the 17th April, 1885, before the expiration of thirty days allowed the company to replace the building, after proofs of loss were received by the company and before any award was made, and before the expiration of the sixty days allowed by the policy to the company to pay the loss, even if the proofs had been made in accordance with the requirements of the policy.

The plaintiff in error claims that the right of action had not accrued.

The defendant requested the court to charge, *inter alia*, as follows:

First. That as the fire occurred on the 5th of December, 1884, and the proofs of loss were not made until the 29th of March, 1885, that was not such a compliance with the requirements of the policy and the conditions thereof; and if the plaintiff has failed to account satisfactorily for the delay the verdict must be for the defendant.

Answer. This point we have answered in the general charge.

Third. That by the terms of the policy it is provided that "in case difference shall arise respecting any loss or damage after proof thereof, the matter shall, at the written request of either party, be submitted to impartial arbitrators whose award

in writing shall be binding, etc.," and as it is proven by the plaintiff that arbitrators were appointed but no award made, and as it is further provided that "no suit or action against this company shall be sustainable in any court of law or chancery till after the award shall have been filed fixing the amount of such claim, etc.," and as no such award was filed, no right of action had accrued to the plaintiff, and the verdict must be for the defendant.

· Answer. This we refuse.

Fourth. That inasmuch as 30 days were given to the company after due proof of loss to replace the same, no right of action accrued till 30 days after proofs of loss were made; and as the evidence shows that the proofs of loss were made on the 29th of March, 1885, and suit brought on the 17th April, 1885, no right of action had accrued on the policy, and the verdict must be for the defendant.

Answer. We reserve this point.

The following order was subsequently made on this reserved point.

*Sur* motion for new trial and motion to enter judgment *non obstante veredicto.* On due consideration after full argument, the rule for new trial is refused and judgment ordered to be entered on the verdict.

Fifth. That under the pleadings and evidence the verdict must be for the defendant. Answer. Refused.

In the general charge the court instructed the jury, *inter alia*, as follows:

The defendant sets up the condition in the policy and says it provides against a waiver by any or all of the acts done, permitted, or acquiesced in. The policy does in Article 8 read that "no examination of the assured nor examination by the company, nor reference to nor award of arbitrators shall operate as a waiver on the part of the company of any of the provisions, conditions or requirements of this policy respecting the making or filing the particular account of such loss." It is not denied by this company that the preliminary notice was given, at least there is no evidence here to contradict the evidence on the part of the plaintiff that such notice was given. It was a house and not personal property or merchandise that was burned, and the house was burned down; the question as to whether the loss was total or not we leave to you. All the witnesses say the house burned down and was a total loss; but the defendant alleges that there was some value in the stone foundation. The plaintiff denies this, and all the witnesses say that for the purpose of replacing the same property the foundation was worthless. If from all the evidence the jury find that it was a total loss and that the first notice in-

formed the company that it was a total loss, naming the assured person and giving the number of the policy, then under the provisions of this policy the notice was substantially a particular statement as required by this clause and was a compliance with the condition, and was in time, and sufficient without a more circumstantial statement within the sixty days as required here, because the house burned down; but if it was a claim for merchandise destroyed it would not be so.

So, gentlemen, we charge you as the assured subject was real estate and that a single item, a house, if the first notice was that of a total loss, the clause in the policy relating to the waiving of a particular statement or proof of loss by any of the efforts made at adjustment does not prevent the plaintiff from recovering, if you find that the conduct of the company, its agents and adjusters, led to and caused the delay. In such case it must be taken to have waived the requirements as to time, if you find that such particular account, under oath, was afterwards furnished and in a reasonable time; and that the company, before such statement under oath, was resisting or delaying adjustment and payment on other grounds.

Verdict for the plaintiff in the sum of $1,100.66 and judgment thereon, whereupon the defendant took this writ assigning for error the answer of the court to the points of the defendant and that part of the general charge shown above.

*W. H. Koontz*, for plaintiff in error.—See brief of argument in preceding case.

*Coffroth & Ruppel*, for defendant in error.—See brief of argument in preceding case.

Mr. Justice CLARK delivered the opinion of the court, March 7th, 1887.

The policy in suit was issued 1st December, 1884, by the Commercial Union Assurance Company, to George H. Hocking, in the sum of one thousand dollars, for one year from the date thereof, on his two-story frame building, etc., in Meyersdale, Penna., with the privilege of other insurance. When the policy issued, Hocking held a policy of the Howard Insurance Company of New York for $2,000, dated 24th November, 1884, on the same building; and afterwards, on the 3d December, 1884, obtained a policy of the German American Insurance Co., in the sum of $1,000, making the total insurance $4,000, all of which was in full force on the fourth day of December, 1884, when the building was destroyed by fire.

The policy required that persons sustaining loss or damage, should forthwith give notice of said loss to the company, and

within sixty days render a particular account of such loss, etc., stating certain specific matters of proof, affecting the extent of the defendant's liability.   Notice of the loss was promptly given as required, but the proofs were not furnished within sixty days.   The plaintiff's contention was that as there was but a single subject of insurance, the loss total, and the notice to that effect, no further proof was necessary.   But applying the principles laid down in German Insurance Co. v. Hocking, which was argued with the case at bar, it is plain that the company, under the special terms of their policy, had the undoubted right to have furnished to them proofs of certain matters, according to the conditions of the contract.   These proofs were furnished, and there is no substantial objection made, we think, either to their form or substance, but it is contended that as the loss occurred on the 4th December, 1884, and the proofs were not furnished until 28th March, 1885, more than sixty days intervening, they were not in time, and the company was not bound to receive them.   But the company did receive them, referred them to their adjuster, and retained them without objection or complaint on that or any other ground, from the 28th March, 1885, until the 18th August, 1885.   If the company acted upon these proofs as having been received in time, and made no objection whatever until the trial, they would be presumed, we think, to have waived the objections which they now make: Lycoming Insurance Co. v. Schreffler, 6 Wright, 188.   The policy is not printed, but as we understand it from the portions which are printed, the proofs of loss were but conditions precedent to the bringing of an action, and not of the insurance, and if the delay in furnishing them was waived, the remedy still remained.   It was the duty of the company, if the proofs were imperfect, or out of time, if objected to on that ground, to make their objection known.   It is true the policy provided that "no examination of the assured, nor investigation by the company, nor reference to, nor award of arbitrators, shall operate as a waiver on part of the company of any of the provisions, conditions or requirements of the policy, respecting the making or filing of a particular account of loss," as therein provided; but the act of waiver to which we have given effect, is not embraced in this provision.

The second ground of error alleged is, that by the terms of the policy, it is provided that "in case differences shall arise respecting any loss or damage, after proof thereof, the matter shall, at the written request of either party, be submitted to impartial arbitrators, whose award, in writing, shall be binding," etc.; and as it is proven by the plaintiff that arbitrators were appointed, who have not yet made their award, the plaint-

[Commercial Union Assurance Co v. Hocking.]

iff can have no right of action until that condition of the policy has been complied with.

It is undoubtedly true, when the parties to an executory contract agree, that all questions of difference or dispute which may arise between them in reference thereto, or that the amount of any claim arising therefrom shall be first submitted to the arbitrament of a single individual, or tribunal named, they are bound by their contract, and cannot seek redress elsewhere, until the arbiter agreed upon has been discharged, either by the rendition of an award, or otherwise : Monongahela Nav. Co. *v.* Fenlon, 4 W. & S., 205; Connor *v.* Simpson, 8 Out., 440; Hostetter *v.* City of Pittsburgh, 11 Out., 419. But it is equally true, that where the agreement in question does not provide for submitting matters in dispute to any particular person or tribunal named, but to one or more persons to be mutually chosen by the parties, it is revocable by either party; and such a provision is not adequate to oust the jurisdiction of the courts having cognizance of the subject-matter of the dispute : Gray *v.* Wilson, 4 Watts 41; Mentz *v.* Armenia Fire Ins. Co., 29 P. F. S., 480; Hostetter *v.* City of Pittsburgh, *supra.*

The applicability of this principle to the case in hand is not disturbed by the further special provision of the policy, that " no suit or action against this company shall be sustainable in any court of law or chancery till after the award shall have been filed, fixing the amount of such claim," etc. In Mentz *v.* Armenia Co., *supra*, a precisely similar provision existed, and referring to the effect of it Mr. Justice SHARSWOOD said : " If it were not in the power of the party to oust the courts of their general jurisdiction by such an agreement, that clause does not help them; had a general arbitration clause been valid, it would have been a condition precedent to an action of itself; the provision in question is but the expression of that which was implied." Nor is the effect of the general arbitration clause in this contract affected by the fact that two arbitrators were in fact chosen; they failed to agree; both parties appear to have abandoned the proceeding, and the bringing of this suit was a plain revocation of the submission. We are of opinion therefore that the second assignment of error cannot be sustained.

We are clearly of opinion, however, that the suit was prematurely brought. The company, as we have said, had a right to insist upon the provision in the policy for the proofs of loss; they were not furnished until the 28th March, 1885. The company had thirty days thereafter in which to give notice of their intention to rebuild, and the loss was not payable in

money, should the option not be exercised, for sixty days, whereas the suit was brought on the 17th April, 1885.

We will not discuss this branch of the case at length; the reasons are set forth in the opinion filed in the Ger. Am. Ins. Co. v. Hocking, already referred to.

The judgment is reversed.