Edward F. Boyle, John D. Boyle and James F. Boyle, trading as John D. Boyle's Sons, *v.* The Hamburg-Bremen Fire Insurance Company, Appellant.

*Construction of fire policy—Proof of loss—Collective items in inventory.*

Under a clause in a fire policy which requires the insured to make and present, with the proofs of loss, a complete inventory of damaged goods, stating the quantity and cost of each article and the amount claimed thereon, an inventory, otherwise sufficiently specific, is not invalidated by the fact that it contains items of a collective character, such as a " lot of goods in a show window," " contents of a small show case," " lot of shirt bosoms, handkerchiefs, fly netting," etc.

" This stipulation is not to be construed most strictly against the insured. Its object is to secure a full statement of the loss, he (the plaintiff) claims, so that the company may have notice and necessary opportunity to test its correctness. Substantial performance is enough." Per Mr. Justice WILLIAMS.

*Construction of policy—Ascertainment of loss—Appraisement.*

Where one clause in a fire policy provides that in case of loss an estimate shall be made by the insured and the company, and another clause provides that in case they differ the subject is to be referred to appraisers selected as therein provided, the remedies are successive, and neither party can insist upon the second who has not shown himself willing and ready to enter upon the first: Snodgrass v. Gavit, 28 Pa. 211, followed.

Hence, where the defendant company, upon receiving plaintiffs' proofs, without making any effort to come to an agreement with him as to the amount of his loss, gave notice that a difference had arisen, and demanded the appointment of appraisers in the first instance, *Held,* that the position was unwarranted, and the plaintiffs could at once resort to an action.

Argued Feb. 28, 1895. Appeal, No. 154, Jan. T., 1895, by defendant, from judgment of C. P. Lackawanna Co., April T., 1892, No. 519. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Statement of Facts.                              [169 Pa.

Assumpsit on fire insurance policy for damage to personal property.   Before EDWARDS, J.

The material facts in this case appear in the portion of the charge of the court which is quoted, and in the opinion of the Supreme Court.

At the trial, E. F. Boyle, one of the plaintiffs, being called as a witness, counsel for plaintiff asked him : " Q. What damage did you sustain upon the dry goods, if any ? "

By Judge Jessup : " Counsel for the defendant objects to the question that if any article of dry goods was injured he is entitled to state what article it was, and what was the injury to that article, the contract of insurance requires that.   And we object also to any evidence being given with reference to any loss by fire until the plaintiffs shall have shown that they are entitled by the terms of the contract to make any proof in a court of justice of the amount of loss or damage under the contract."

By the Court: " Your objection, Judge Jessup, is to the order in which the counsel is trying the case.   Of course, after he proves what he proposes to prove now, if he fails to show that he has complied with the preliminary conditions in the contract, of course the case cannot go to the jury.   I shall overrule your objection."   Exception noted for plaintiff, at whose request a bill is sealed.

" A. Thirty-three and one third per cent.

" Q. What did it amount to ?   A. A little over $2,000." [5]

Counsel for plaintiffs offered in evidence, 10th of December, 1891, what are known as proofs of loss.

The witness, E. F. Boyle, testified :

" Q. Do you know when these were sent?   A. Middle of December, I think."

Counsel for defendant objects to the proofs of loss.

By the Court : " Is the receipt of them by the company admitted ?

By Mr. Jessup : " Yes; we received them, but what we object to is this, that they are not such proofs as are called for by the contract of insurance."

By the Court : " We will overrule the objection to the proofs of loss."   Exception noted for defendant, at whose request a bill is sealed. [6]

The witness, E. F. Boyle, testified:

By Mr. Willard: "Q. Mr. Boyle, you say you made a careful inventory of what was in your store and reduced it to writing. It is now in your hands in that paper? A. Yes, sir. Q. Refreshing your recollection from that paper, what was the amount of goods in your store at the time of the fire?"

By Judge Jessup: "Counsel for defendant objects to the question. Our only objection to that question is that witness cannot be asked to refresh his recollection from a paper which is admittedly incorrect, and thereby from such a paper state what was the amount of goods."

By the Court: "The objection is overruled." Exceptions noted for defendant at whose request a bill is sealed.

By Mr. Willard: "Q. Now, Mr. Boyle, answer the question? A. Ten thousand six hundred eleven dollars and sixty cents." [7]

Counsel for defendant offered proofs of loss presented by the plaintiffs to the company for the sole purpose of showing that they did not comply with the provisions in the contract.

By the Court: "Proofs of loss having already been offered on the part of the plaintiffs and the court having passed upon the sufficiency of the same, and the proofs and depositions relating to the same having been already entered on the record of the case, the objection to the same is sustained to the present offer. Exception noted for the defendant at whose request a bill is sealed." [8]

The defendant being about to close his evidence and it appearing by the undisputed evidence of the plaintiffs that defendant requested an appraisal of the amount of loss by appraisers to be appointed under the terms of the policy, and that plaintiffs refused to allow the amount of loss to be liquidated, counsel for defendant asked court to strike out all evidence relating to the amount of loss from the case, for the reason that the parties had contracted and agreed in case appraisal is requested that the amount of the loss shall be thus settled, and that that method is binding upon the plaintiffs in this case.

By the Court: "Motion is refused." Exception noted for defendant at whose request a bill is sealed. [9]

The court charged the jury in part as follows:

"The plaintiffs, John D. Boyle's sons, who have brought an

action against the Hamburg-Bremen Insurance Company of Hamburg, Germany, seek to recover from the defendant company a certain amount of damages for loss alleged to have been sustained by them by reason of a fire which occurred in their store on the 24th day of November, 1891, and their action is based upon the policy which has been offered in evidence.

" This policy is dated Nov. 14, 1890, and continued in force for one year up to Nov. 14, 1891.    There is also in evidence a renewal of that policy, bearing the same date, and continuing the insurance in force for one year, from Nov. 14, 1891, to Nov. 14, 1892.    This fire, of course, occurring on Nov. 24, 1891, occurred during the lifetime of this policy, or while it was in force, provided you find certain facts which shall be called to your attention later.

" The amount of this policy on the face of it is $2,500, but it is in evidence that there was another policy for a like sum on the same stock of goods; so that whatever the loss is that has been suffered by the plaintiffs on account of that fire, provided you find that they are entitled to recover at all, they are only entitled in this action and on this policy for the one half of the total loss.    The other insurance is considered as concurrent insurance, and, therefore, the company, if the plaintiffs are entitled to recover, will have to pay one half of the damage, and this company, if the plaintiffs are entitled to recover, will have to pay one half of the damage.    So you understand if you render a verdict at all for the plaintiffs in this case, your verdict will be for the one half of the total damages suffered by the plaintiffs.

" [ In a certain time after the fire, after the 24th of November, 1891, the plaintiffs sent what are known as proofs of loss to the company.    The policy requires them to do this.    These proofs of loss have been submitted to the court for inspection, and the court has assumed the responsibility, as it is the duty of the court, to pass upon the sufficiency of the proofs of loss. We have decided that they are in compliance with the terms of the policy.] [1]

Defendant's points, among others, were as follows :

" 3. That the proofs of loss given in evidence in this case by the plaintiffs, and which were objected to by defendant at the time, and the special defects therein pointed out, were not a com-

pliance with the requirements of the policy in this respect, and as the plaintiffs have failed and refused to furnish any additional proofs of loss or to correct those furnished at the request of the defendants, the furnishing of the same being a condition precedent to the right of the plaintiffs to maintain any action on the policy, plaintiffs are not entitled to recover. *Answer :* This point is refused." [2]

" 5. The policy having provided ' In the event of a disagreement as to the amount of the loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers ; the insured and this company each selecting one, and the two so chosen shall then select a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately, sound value and damage, and failing to agree shall submit their differences to the umpire, and an award in writing of any two shall determine the amount of such loss ; the parties thereto shall pay the appraisers thus selected by them, and shall bear equally the expenses of the appraisement and award. This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act or proceeding on its part relating to the appraisement or any examination herein provided for, and the loss shall not become payable until sixty days after notice, ascertainment, estimate and satisfactory proofs of loss herein required have been received by the company, including an award by appraisers, when an appraisal has been required.' Under this agreement between the parties in the policy the amount of loss was to be settled and determined by appraisers, and the plaintiffs having refused to join the defendant in the selection of an appraiser and having refused to have the amount of such loss settled in the only way in which it could be settled under the policy, the plaintiffs cannot recover in this action. *Answer :* This point is refused." [3]

6. " The contract of insurance between the parties having further provided that no suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire, and it being undisputed that the plaintiffs have

not fully complied with the requirements of the policy, they are not entitled to recover.  *Answer:*  This point is refused." [4]

Verdict and judgment for plaintiffs.

*Errors assigned* were, (1–4) above instructions; (5–9) rulings on evidence, quoting instructions, bills of exception and evidence.

*W. H. Jessup, Horace E. Hand* and *W. H. Jessup, Jr.,* with him, for appellants.—Plaintiffs failed to comply with the contract in that they furnished an inventory which contained items of a collective character to the extent of seven tenths of the loss claimed.   Plaintiffs were notified wherein they had not complied with the contract, and were requested to furnish corrected proofs.   This they refused to do.   This condition was binding upon the insured unless waived by the company: Davis Shoe Co. v. Insurance Co., 138 Pa. 73; Whitmore v. Ins. Co., 148 Pa. 405; Gould v. Ins. Co., 134 Pa. 570–587; Welsh v. Assurance Co., 151 Pa. 607.

Plaintiffs were notified that the company disagreed with them as to the amount of the loss, and they were requested to appoint an appraiser as required by the policy.   This they refused to do and by a letter from their counsel notified the company that they revoked the arbitration clause.   This clause was irrevocable: Everett v. London etc. Ins. Co., 142 Pa. 332; Del. & Hud. Canal Co. v. Penna. Coal Co., 50 N. Y. 250; Seward v. Rochester, 109 N. Y. 164; Collins v. Locke, L. R. 4 App. Cases, 674; Dawson v. Fitzgerald, L. R. 1 Ex. Div. 257, p. 260; Braunstein v. Acc. Death Ins. Co., 101 Eng. C. L. Rep. 785; Hall v. Norwalk Fire Ins. Co., 57 Conn. 105; Reed v. Washington Ins. Co., 138 Mass. 572; Wolff v. Liverpool & London & Globe Ins. Co., 50 N. J. Law, 453; Wood on Fire Ins., sec. 432; Hamilton v. Liverpool etc. Ins. Co., 136 U. S. 242; Hamilton v. Home Ins. Co., 137 U. S. 370; Commercial Union Assurance Co. of London v. Hocking, 115 Pa. 407, and Mentz v. Armenia Fire Ins. Co., 79 Pa. 475.

*E. N. Willard,* of the firm of *Willard, Warren & Knapp,* for appellees.—The proofs of loss were sufficient: May on Insurance, p. 475; Biddle on Ins. p. 101; Richards on Ins. p. 178;

Mason v. Harvey, 8 Exchequer Reports, 819 ; Walsh v. Washington Ins. Co., 32 N. Y. 427 ; Towne v. Springfield Fire & Marine Ins. Co., 145 Mass. 582 ; Clement v. The British American Ins. Co., 141 Mass. 298 ; Ins. Co. v. Haws, 20 W. N. C. 370 ; Ins. Co. v. Moyer, 97 Pa. 441 ; Roe v. Dwelling House Ins. Co., 149 Pa. 94 ; Davis Shoe Co. v. Ins. Co., 138 Pa. 73 ; Whitmore v. Ins. Co., 148 Pa. 405 ; Welsh v. Assurance Co., 151 Pa. 607, are distinguishable.

The arbitration clause was revocable : Commercial Union Ins. Co. of London v. Hocking, 115 Pa. 407 ; Mentz v. Armenia Fire Ins. Co., 79 Pa. 478 ; Gray v. Wilson, 4 Watts, 39 ; Powers v. Powers, 7 Watts, 205 ; Snodgrass v. Gavit, 28 Pa. 221 ; Erie v. Tracey, 2 Grant's Cases, p. 20 ; Johnson v. Andress, 5 Phila. 8 ; Paist v. Caldwell, 75 Pa. 161 ; Scott v. Avery, 5 H. L. Cas. 811 ; D. & H. Canal Co. v. Pa. Coal Co., 50 N. Y. 250.   Hamilton v. Home Ins. Co., 137 U. S. 370 ; Hamilton v. Liverpool Ins. Co., 136 U. S. 242, are distinguishable.

OPINION BY MR. JUSTICE WILLIAMS, July 18, 1895 :

The two principal questions in this case are, first, were the proofs of loss furnished by the insured a substantial compliance with the contract? and second, was the action prematurely brought in view of what is called the arbitration clause in the policy? Both questions depend upon the proper construction of the contract of insurance.   The contract contains the undertaking of the company to insure the general stock of merchandise of John D. Boyle's Sons " against all direct loss or damage by fire," to the extent of twenty-five hundred dollars, in consideration of the payment of a cash premium of twenty-five dollars.   Arranged around this contract is a line of defensive "stipulations, exceptions, conditions and provisions."   Some of these are not numbered, but with others numbered from 1 to 112 inclusive, they stand bristling like armed sentinels around the contract and the liability of the company thereunder, ready to impale even an honest claimant on a bare technicality.

While this policy was in force a fire broke out across the street from the store of the insured.   Before it was extinguished, the windows, including the show window, in the Boyle's Sons' store, were broken, and as they allege a large amount of

water and smoke found their way into the store, the effect of which was a general deterioration in value of the stock. No article was consumed, but the loss claimed for was a percentage of depreciation on all the goods by reason of the effect of the water and smoke upon their quality and salability. This is the character of the loss for which a recovery was had in the court below. Were the proofs of loss sufficient? No 67 of the stipulations surrounding the policy requires, "If fire occur the insured shall give immediate notice of any loss thereby, in writing to the company." No complaint is made of want of promptness in giving notice. No. 68 makes it the duty of the insured to "forthwith separate the damaged and undamaged personal property and put it in the best possible order." No. 69 then requires that the insured shall proceed "to make a complete inventory of the same stating the quantity and cost of each article and the amount claimed thereon." The plaintiff undertook after the fire to prepare proofs of loss. These are printed in the paper-books of the appellant and cover about ten printed pages. They purport to contain an inventory of all the goods in the store at the time of the fire, and their value. At the end of the inventory the plaintiffs state their claim to be for depreciation as follows :

| "33¼ pc. on dry goods & underwear &c. | (Invent. | 6,061.60) | $2,020.53 |
| 25 pc. on furniture & fixtures | ( " | 650.00) | $ 162.50 |
| 15 pc. on boots, shoes & rubbers | ( " | 1,050.00) | $ 157.50 |
| 15 pc. on groceries, spices, &c | ( " | 2,850.00) | $ 427.50 |
| Total loss | | | $2,768.03 " |

In this inventory are found some items of a collective character, such as "a lot of goods in the show window," contents of a small show case," "lot of shirt bosoms, h'dfs, fly netting &c." The point taken is that No. 69 requires each article to be given "its quantity and cost, and the amount claimed thereon" separately. This stipulation is not to be construed most strictly against the insured. Its object is to secure a full statement of the loss he claims so that the company may have notice, and the necessary opportunity to test its correctness.

We quite agree with the learned trial judge that the proofs of loss afforded a sufficient notice of the character and amount of the plaintiff's claim. If it had seemed as to any particular

lot or class of goods to be wanting in clearness or precision the attention of the insured should have been drawn to it and such further information asked for as was fairly necessary to an ascertainment of the loss. The law does not require the performance of useless things, or favor the arbitrary imposition of useless burdens. Substantial performance is enough. We come now to the second question. Stipulations 86 to 91 inclusive provide that if the parties to the contract cannot agree upon the amount of the loss, it shall be ascertained by two competent and disinterested appraisers. To make it certain that they shall be disinterested each party shall choose one, and the two so selected shall proceed to choose a "competent and disinterested umpire." The two appraisers are then to appraise the loss, and if they do not agree their difference is to be submitted to the umpire who determines in the end the amount of the damages to which the insured is entitled. Now it is alleged by way of defense to this action that it was brought without such preliminary adjustment of the loss by appraisers and that there should be no recovery for that reason. It will be noticed that the contract provides for an adjustment by the parties to it in the first instance. Stipulation No. 2 provides, speaking of the ascertainment of the amount of a loss, "said ascertainment or estimate shall be made by the insured and this company." No. 3 then follows with the declaration that if the parties "differ" so that an agreement upon the loss is not reached, the subject shall then go to the "appraisers as hereinafter provided," referring undoubtedly to the provisions quoted above as Nos. 86 to 91 inclusive. In No. 86 it is provided that "in the event of disagreement as to the amount of the loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers." This contemplates an actual effort to agree. When this effort fails, and not until then, either party possesses the right to say "we differ, and our points of difference must be referred to arbitrament under the terms of the policy." The insurer has no more right to disregard the first method in the contract than the insured has to disregard the second. Neither can insist on the second who has not shown himself ready and willing to enter upon the first, because these remedies are not optional to either. They are successive, unless both agree to the contrary. This proposition fairly follows from Snodgrass v. Gavitt, 28 Pa. 221.

If the fact was, as the plaintiffs alleged, that the company after receiving the proofs of loss made no effort to agree with the plaintiffs upon the amount of their loss but gave notice that a difference had arisen and demanded the appointment of appraisers in the first instance, its position was unwarranted, and it has no right to complain that its demand was disregarded and that the plaintiffs resorted at once to an action. This view of the question renders a discussion of the revocability of the arbitration clause unnecessary, as the question plays no part in the determination of this case.

The assignments of error Nos. 1, 2, 5, 6, 7 and 9 are overruled. The plaintiffs did not allege the consumption by fire either in whole or in part of any article of merchandise, but a percentage of depreciation on the entire stock resulting from its exposure to water and smoke. The questions to be settled were, therefore, What was the entire stock worth? and What was the percentage of depreciation suffered? The 3d and 4th assignments are overruled. The points referred to in these assignments should have been affirmed on a different state of the evidence, but on the proofs in this case we cannot say it was error to refuse them. The reasons for this conclusion have been already given. The cases of German American Insurance Company v. Hocking, 115 Pa. 398, and Commercial Union Assurance Company v. Hocking, 115 Pa. 407, are not in point. In each of those cases the same question was met. The policy sued on gave the company sixty days after receiving proofs of loss to determine whether to rebuild or to pay the loss.

The suits were brought before the expiration of the time limited. For this reason the actions were prematurely brought. The 8th assignment is also overruled. The proofs of loss had been put in evidence generally before this offer was made, and the learned judge rightly held that they could be used for any legitimate purpose by either party without putting them in evidence again. Whether the offer had been admitted or refused no error requiring the reversal of this judgment would have been committed thereby.

The judgment is affirmed.