## Milligan v. Donehal Mutual Ins. Co.

Before MARSHALL and O'BRIEN, JJ.

*John A. Metz, Jr.*, and *Metz, Cook, Hanna and MacAlister*, for plaintiff.

*Robert E. Wayman* and *Dickie, McCamey, Chilcote & Robinson*, for defendant.

MARSHALL, J., April 22, 1960. This matter is before us on defendant's exceptions to the trial court's entry of judgment in favor of plaintiff in the amount of $5,931 with interest from July 21, 1956, at the rate of six percent, by agreement to be determined later.

Certain goods of plaintiff were damaged on May 21, 1956, as the result of a fire on property adjoining that of plaintiff. At this time, plaintiff was an insured of defendant under four fire insurance policies whereby defendant agreed to pay an amount not exceeding the amount specified in the policies to plaintiff, ". . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, . . . against all direct loss by fire, . . ."

Each policy was in the amount of $6,000 or a total coverage of $24,000. Defendant called no witnesses and at the conclusion of plaintiff's case, counsel for both parties agreed that the only issue in the case was a question of law, i.e., what was the amount of damage suffered by plaintiff.

Plaintiff claims that her loss was $5,939.45. This sum was based upon the testimony of plaintiff and her witnesses: the actual cost of the merchandise in large lots at the wholesale level before the fire, $18,411.67, and the amount the damaged merchandise would bring in large lots after the fire, $12,530.22, or a difference of $5,881.45, plus expenses paid to a smoke odor removal service recommended by defendant. This

was the measure of damages adopted by the trial court, that is, the difference between the actual cost of the merchandise and its value as distress merchandise immediately after the fire.

Defendant contends that plaintiff's loss did not exceed more than $250. This contention is based on the fact that plaintiff conducted a "fire sale" and sold the goods in question for approximately $18,161.89, or a loss of about $250. We are of the opinion that the trial court used the proper measure of damages and that there is no merit to defendant's contention.

In the first place, the merchandise was purchased by plaintiff to be sold at a profit. The testimony was to the effect that there would be a 40 percent markup on these goods. By selling these goods at cost, plaintiff has not made any profit thereon. In addition, while it is true that plaintiff did sell the goods and receive almost the price she had paid for them, the sale was over a period of some two months, and there was nothing in the record to support the figure $18,161.89 as representing the gross receipts, overhead, expenses of sale or the net proceeds of the sale. In *Boyle's Sons v. Insurance Co.*, 169 Pa. 349 (1895), the contract of insurance insured the merchandise "against all direct loss or damage by fire." The court states, at page 356, in affirming judgment for plaintiff:

". . . No article was consumed, but the loss claimed for was a percentage of depreciation on all the goods by reason of the effect of the water and smoke upon their quality and salability. This is the character of the loss for which a recovery was had in the court below . . ."

This is similar to the case before us where the price of the merchandise immediately after the fire was based upon testimony of persons who inspected the goods and the percentage of damage to them.

The insurance policies also give the company the option to take all or any part of the property at the agreed or appraised value or to replace the goods with similar ones within 30 days after receipt of proof of loss. Defendant, however, did not choose to exercise its options. There is no language in the policies limiting the company's liability to the difference between the wholesale cost of the goods before damage and the gross proceeds from retail sales after damage without regard to overhead, time and money expended by the insured to conduct the sale.

For the reasons stated herein, defendant's exceptions to the judgment entered for plaintiff will be dismissed.

*Order of court*

And now, April 22, 1960, the exceptions filed ex parte defendant are hereby dismissed.