David **LAYTON**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY.**

**Civ. A. No. 81–2672.**

United States District Court, E. D. Pennsylvania.

Sept. 22, 1981.

Jeffrey L. Pettit, Philadelphia, Pa., for plaintiff.

John P. Penders, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff, David Layton, was injured in an automobile accident on September 16, 1979, and applied for benefits under the "uninsured motorist" provision of an insurance policy issued to him by the defendant, Liberty Mutual Fire Insurance Company. Following Liberty Mutual's denial of his claim for benefits, plaintiff made a written demand for arbitration of the controversy pursuant to Part C of the policy. Liberty Mutual refused to honor this demand and plaintiff then obtained an order, issued on May 14, 1981 by the Court of Common Pleas of Delaware County, compelling the defendant to appoint an arbitrator. Liberty Mutual has not complied with this order. Finally, plaintiff brought this diversity action seeking to recover damages based on two causes of action: (1) that defendant's conduct in refusing to settle plaintiff's claim for benefits or to honor his demand for arbitration constitutes an unfair or deceptive practice in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. § 201–1 et seq. (Purdons) [hereinafter referred to as the Consumer Protection Act]; and (2) that defendant's refusal to pay benefits breaches the policy and its refusal to submit the dispute to arbitration is a waiver of defendant's right to arbitration under the policy.

## I.

Liberty Mutual has moved to dismiss plaintiff's first cause of action on the ground that the Pennsylvania Consumer Protection Act does not provide plaintiff with a remedy in this situation, citing *Permagrain Products Inc. v. United States Mat & Rubber Co.*, 489 F.Supp. 108 (E.D.Pa. 1980). As plaintiff's memorandum correctly points out, defendant's reliance on *Permagrain* is misplaced. In that case, the court held only that the Consumer Protection Act provides a cause of action limited to *consumers* of goods and services.

It is clear that the Pennsylvania Consumer Protection Act provides a private cause of action to recover damages resulting from acts or practices declared unlawful by section 3 of the Act. 73 Pa.Stat.Ann. § 201–9.2(a) (Purdons). Section 3 of the Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa.Stat.Ann. § 201–3. These unfair or deceptive acts or practices are defined in section 201–2(4) and include "engaging in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." *Id.* § 201–2(4)(xiii). The Pennsylvania Supreme Court, construing this language in *Commonwealth v. Monumental Properties, Inc.*, 459 Pa. 450, 478–80, 329 A.2d 812, 826–27 (1974), found that the Legislature intended section 201–2(4)(xiii) to have a broad scope which would cover generally all unfair and deceptive acts in the conduct of any trade or commerce. In a thoughtful opinion citing *Monumental Properties*, the Court of Common Pleas for Dauphin County recently held that the provisions of the Pennsylvania Consumer Protection Act apply to the insurance industry and that an insured has a cause of action against his insurance company for conduct that is unfair or deceptive within the meaning of the Act. *See Deetz v. Nationwide Mutual Ins. Co.*, No. 1197 S 1980 (Mar. 23, 1981), *appeal docketed*, No. 101—1981 (Super.Ct. April 16, 1981). Given this precedent and the allegations set forth in plaintiff's complaint, it appears that plaintiff has a right to sue under the Consumer Protection Act and that therefore defendant's motion to dismiss this portion of the complaint must be denied.

## II.

◼ Defendant has also moved to dismiss plaintiff's second cause of action based directly on the insurance policy. Liberty Mutual argues that, under the terms of the policy, the exclusive method for resolution of disputes concerning claims for benefits is arbitration. This argument has something of a hollow ring coming from a defendant which has steadfastly refused to submit a claim to arbitration, even to the point of disregarding a court order to appoint an arbitrator. Nevertheless, several factors suggest that this court should defer to the arbitration process rather than consider immediately the issue whether plaintiff is entitled to benefits under the policy.

First, while plaintiff argues, citing *Commercial Union Assurance Co. v. Hocking*, 115 Pa. 407, 8 A. 589 (1887), that defendant's conduct amounts to a waiver of its right to arbitration, Pennsylvania doctrine on the waiver of arbitration provisions is not as clear as plaintiff suggests. *Hocking* is not on point. The ruling that the agreement to arbitrate there in issue could be revoked turned on the fact that the parties had merely agreed to appoint arbitrators and had not named any specific tribunal; the *Hocking* court did not announce a doctrine of constructive waiver based on a bad-faith refusal to arbitrate. *Boyle v. Hamburg-Bremen Fire Ins. Co.*, 169 Pa. 349, 32 A. 553 (1895) is somewhat closer to the mark; however, it also fails to articulate a constructive waiver doctrine as broad as plaintiff's theory. The defendant-insurer in *Boyle* had failed to attempt to negotiate a settlement of the disputed insurance claim; and the court, finding that such negotiation was a condition precedent to invoking the policy's arbitration provisions, held that the defendant had no right under the contract to demand arbitration. Beyond these nineteenth century decisions, there appears to be no further guidance on the subject from the Pennsylvania Supreme Court. In fact, the only recent decision is *Guerriero v. Potomac Ins. Co.*, 69 D.&C.2d 77, 80 (Lycoming County Comm.Pl.1974), which holds that an insurance company's refusal to submit to arbitration permits the insured to treat the arbitration provision as waived and to proceed in court for breach of the policy. This case, however, provides no analysis and cites no authority for the waiver doctrine. Given the paucity of authority in this area, I will not accept plaintiff's invitation to fashion a doctrine of constructive waiver when a party refuses to submit to arbitration. *See also Gavlik Construction Co. v. H. F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975) (federal and Pennsylvania law favors resolution of disputes through arbitration; therefore, waiver is not to be lightly inferred); *Nuclear Installation Services Co. v. Nuclear Services Corp.*, 468 F.Supp. 1187, 1194 (E.D.Pa.1979) (same).

Second, deference to the arbitration procedure appears warranted in light of Pennsylvania's clear general policy in favor of enforcing agreements to arbitrate disputes. *See National Grange Mutual Ins. Co. v. Kuhn*, 236 A.2d 758; *Preferred Risk Mutual Ins. Co. v. Martin*, 436 Pa. 374, 260 A.2d 804 (1970); 42 Pa.Cons.Stat.Ann. §§ 7303–7305 (procedure to compel arbitration).

Deference to the arbitration procedure is particularly appropriate where the state courts have determined that arbitration is the proper path. In this instance there is outstanding an order of the Court of Common Pleas of Delaware County directing the defendant to appoint an arbitrator—an order which defendant has not obeyed. This court will not simply ignore that order. Its enforcement should yield plaintiff the relief he is entitled to. Since plaintiff has not pursued that presumably available remedy, defendant's motion to dismiss the second cause of action will be granted.