# Lazarus Moyer *v.* Sun Insurance Office of London, England, Appellant.

| 176 579|
|s176 588|

| 176    579|
| f222   ª434|

*Insurance—Fire insurance—Proof of loss—Waiver.*

If the insured under a policy of fire insurance in good faith within the stipulated time does what he plainly intends as a compliance with the requirements of the policy, good faith equally requires that the company shall promptly notify him of their objections so as to give him the opportunity to obviate them, and mere silence may so mislead him, to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel.

An assured under a policy of fire insurance, after having notified the agent of the insurance company of the loss, received a letter from the adjuster of the company requesting him to meet the adjuster in a distant city. The assured objected to going on account of the distance and wrote to the adjuster asking him whether it was unavoidably necessary for him to go. The adjuster replied, " If you think it a hardship to meet me, do not comply with the request, but comply strictly with the policies you hold." On the day after the receipt of this letter the assured wrote to the insurance company, giving the number of his policy, its date and amount, and describing the property insured ; stating that the property had been totally destroyed two weeks before (giving the date) by fire originating on the property of a neighbor. He also gave the amount of insurance in another company, and the amount it would cost to replace the buildings. He also stated that the adjuster had examined the property, and found it entirely consumed. He inclosed copies of letters from and to the adjuster stating " the last one [from the adjuster] . . . . is written in a mysterious manner . . . . but does not explain in what way I omitted to comply with the policy. I have read both policies, and cannot find anything where I have failed in strictly complying with the conditions of these policies, but if there is anything further to be done, I wish you would please inform me, and also inform me whether it was unavoidably necessary to answer the summons of the adjuster, or not." To this letter the company replied: " The matter is in the hands of our representatives in Pennsylvania, and strict compliance with the conditions of the policy, will be required." *Held*, (1) that it was the duty of the insurance company if it wished further information to so inform the assured; (2) that binding instructions for the plaintiff should be sustained.

*Insurance—Fire insurance—Certificate of magistrate.*

A policy of fire insurance provided that the assured shall, " if required, furnish a certificate of the magistrate or notary public . . . . living nearest the place of fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify." *Held*, (1) that the insured was

under no duty to furnish the certificate unless required to do so; (2) that a mere general notice to comply with the conditions of the policy was not notice to furnish the certificate.

*Insurance—Fire insurance—Arbitration—Successive remedies.*

When one clause in a fire insurance policy provides that in case of loss an estimate shall be made by the assured and the company, and another clause provides that in case they differ the subject is to be referred to appraisers selected as therein provided, the remedies are successive, and neither party can insist upon the second who has not shown himself willing and ready to enter upon the first.

Argued May 14, 1896. Appeal, No. 180, July T., 1895, by defendant, from judgment of C. P. Elk Co., May T., 1895, No. 77, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before MAYER, P. J.

The material provisions of the policy sued on are quoted in defendant's points.

Other facts appear by the opinion of the Supreme Court.

The defendant's points and answers were as follows:

1. The assured not having furnished the statement or proofs of loss to the company defendant, nor rendered a particular statement of the same, signed and sworn to by him, within sixty days from the date of the fire, as required by the said policy, he cannot recover, and the verdict must be in favor of the defendant. *Answer:* As the loss in this case was a total destruction of the building, we are of opinion the notice given to the company was sufficient. [1]

2. The policy in suit having been made and accepted on the following express stipulation and condition, forming a part of the consideration thereof, to wit: " If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, . . . . and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and of all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies;

any changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of fire ; and shall furnish, if required, verified plans and specifications of any building, fixtures, or machinery destroyed or damaged : " And it being further expressly stipulated by said policy that " the loss shall not become payable until sixty days after the notice . . . . and satisfactory proof of the loss herein required have been received by this company." And the undisputed evidence showing that the plaintiff rendered no such statement to the defendant company within sixty days after the fire, he being expressly notified and required so to do by the company, the plaintiff has no right or cause of action under said policy and cannot recover. *Answer :* Refused. [2]

3. The policy sued on having been made and accepted on the following express stipulation and condition, forming a part of the consideration thereof, to wit: " If fire occur, the assured shall give immediate notice of any loss thereby in writing to this company . . . . and within sixty days after the fire . . . . shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify ; " and such certificate, by the express provisions of the policy, being made a condition precedent to liability for or payment of any loss under said policy; and the undisputed evidence showing that the plaintiff, although required, never furnished any magistrate's certificate as aforesaid, the plaintiff has no right or cause of action under said policy and cannot recover. *Answer :* Refused. [3]

4. The policy sued on having been made and accepted on the following express stipulation and condition, forming a part of the consideration thereof, to wit: " This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be estimated according to such actual cash value, etc.; said ascertainment or estimate shall be made by the assured and this company, or, if they differ, then by appraisers as hereinafter

provided;" and, "in the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraisers respectively selected by them and shall bear equally the expenses of the appraisal and umpire:" Such specific method, provided by the policy for determining the amount of loss, is exclusive; and the policy further providing that the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proofs of loss have been received by this company, including an award by appraisers when appraisal has been required; and further providing that no suit or action upon this policy shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements; and the undisputed evidence showing that the amount of loss under said policy has never been ascertained and determined, either by agreement of the parties, nor by appraisers as provided by said policy, the plaintiff by the express terms of said policy has no right or cause of action in this case and cannot recover. *Answer:* Refused. [4]

5. The policy providing for the payment by the company of only such amount of loss as shall be ascertained and determined by agreement of the parties, or, in event of their disagreement, then by an appraisal; and, further, that said loss shall not become payable and no suit or action on said policy shall be sustainable until, inter alia, the amount of said loss has been ascertained and determined as above; such ascertainment of loss by agreement or appraisal became and was a condition precedent to payment or suit; and the proof showing no such ascertainment of amount of loss either by agreement or appraisement, no right of action has accrued to the plaintiff under said policy, and he cannot recover. *Answer:* Refused. [5]

6. The policy providing that the company shall pay only such amount of loss as shall be ascertained and determined

either by agreement of the parties, or, in event of their disagreement, then by an appraisal had in the manner provided by the policy; and the policy further providing that the loss shall not be due or payable until sixty days after, inter alia, such ascertainment by agreement or appraisal; this action cannot be sustained by plaintiff, it being premature—he having no right of action at the time suit was brought, sixty days not having elapsed after ascertainment of amount of loss. *Answer:* Refused. [6]

The court charged as follows:

We will instruct the jury to find a verdict for the plaintiff, and seal a bill for the defendant. Take the verdict. [10]

Verdict and judgment for plaintiff for $614.40. Defendant appealed.

*Errors assigned,* among others, were (1–6, 10) above instructions, quoting them.

*Andrew A. Leiser,* with him *Fred H. Ely,* for appellant.—A policy of insurance with its clauses, conditions and stipulations is the law of the legal relation between the insurer and insured, by which their mutual rights are to be understood and measured: Weisenberger v. Harmony Ins. Co., 58 Pa. 442; West Branch Ins. Co. v. Helfenstein, 40 Pa. 289.

Proofs of loss are part of the consideration of the policy and a condition precedent to a right of action, and to entitle plaintiff to recover he must prove performance: Ostrander on Fire Ins. 539; Com. Ins. Co. v. Sennett, 41 Pa. 161; Gould v. Dwelling House Ins. Co., 134 Pa. 570; Beatty v. Ins. Co., 66 Pa. 9; Long v. Beeber, 106 Pa. 466; Carey v. Allemania Fire Ins. Co., 171 Pa. 204; May on Ins. 465; Lycoming Co. Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Home Ins. Co. v. Davis, 98 Pa. 280; Biddle on Ins. 993; Commercial Union Assurance Co. v. Hocking, 115 Pa. 407; Howard Ins. Co. v. Hocking, 115 Pa. 415.

A certificate of a magistrate is a condition precedent to a right of action and recovery: Biddle on Insurance, sec. 1006; Leadbetter v. Etna Ins. Co., 13 Me. 265; Inman v. Western Ins. Co., 12 Wendell, 452; Protection Ins. Co. v. Pherson, 5 Ind. 417; Noonan v. Hartford Ins. Co., 21 Mo. 81; Ætna Fire

Ins. Co. v. Tyler, 16 Wendell, 385; Kelley v. Sun Fire Office, 141 Pa. 10; Universal Ins. Co. v. Block, 109 Pa. 535; 2 Phillips on Ins. 472; Flanders on Ins., 2d ed. 586; Wood on Ins. 710; Worsley v. Wood, 6 Term R. 710; Columbia Ins. Co. v. Lawrence, 2 Pet. 25; Gilligan v. Ins. Co., 87 N. Y. 626; Johnson v. Ins. Co., 112 Mass. 49; Daniels v. Ins. Co., 50 Conn. 551; Mueller v. Ins. Co., 87 Pa. 399.

The determination of the amount of loss by agreement of the parties or by an appraisal is a condition precedent to a right of action: Flaherty v. Germania Ins. Co., 1 W. N. C. 352; Morse on Arbitration & Award, 95; Hamilton v. Liverpool & London & Globe Ins. Co., 136 U. S. 242; United States v. Robeson, 9 Peters, 319; Martinsburg & P. R. v. March, 114 U. S. 549.

The policy having provided a method for determining the amount of loss before suit, that method is exclusive: Everett v. London & Lancashire Ins. Co., 142 Pa. 332; Carroll v. Girard Fire Ins. Co., 72 Cal. 297; Eichner v. Liverpool & London & Globe Ins. Co., 29 N. Y. 411; Gauche v. London & Lanc. Ins. Co., 10 Fed. Rep. 347; Wolff v. Liverpool & London & Globe Ins. Co., 50 N. J. L. 453; McFarland v. Ins. Co., 134 Pa. 590.

*Harry Alvan Hall*, with him *Kinley J. Tener*, for appellee.— Nothing beyond notice of the loss is necessary in such cases: Lycoming County Mut. Ins. Co. v. Shollenberger, 44 Pa. 259; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Ins. Co. v. Dougherty, 102 Pa. 568.

If the proof were informal and the companies desired that it should be made formal in all respects and sworn to, it was their duty to at once return the proof to the insured and to point out to him its defects, stating in what manner it was defective and informing him how the defects might be remedied: Whitmore v. Ins. Co., 148 Pa. 405; Ins. Co. v. Block, 109 Pa. 535; Gould v. Ins. Co., 134 Pa. 570; Thierolf v. Ins. Co., 110 Pa. 37; Ins. Co. v. Hocking, 115 Pa. 407; Weiss v. Ins. Co., 148 Pa. 349; Meyers v. Ins. Co., 156 Pa. 420.

This court has always compelled insurance companies to strict good faith with the insured, and in a long line of cases it has been decided that any condition of the policy may be waived by acts in pais of the company: McFarland v. Ins. Co., 134 Pa. 590; Ins. Co. v. Brown, 128 Pa. 386; Wachter v. Assurance

Co., 132 Pa. 428; Elkins v. Ins. Co., 113 Pa. 386; Ins. Co. v. Todd, 83 Pa. 272.

Under the decision in Insurance Co. v. Block, 109 Pa. 535, the provision requiring the certificate of a magistrate was held to be void: Kelly v. Sun Fire Ins., 141 Pa. 10.

Where one clause in a fire policy provides that in case of loss an estimate shall be made by the insured and the company, and another clause provides that in case they differ the subject is to be referred to appraisers selected as therein provided, the remedies are successive, and neither party can insist upon the second who has not shown himself ready and willing to enter upon the first: Boyle v. Ins. Co., 169 Pa. 349; Snodgrass v. Gavit, 28 Pa. 221; Commercial Ins. Co. of London v. Hocking, 115 Pa. 407; Mentz v. Ins. Co., 79 Pa. 478; Gray v. Wilson, 4 Watts, 39; Power v. Power, 7 Watts, 205; Erie v. Tracy, 2 Grant, 20; Johnson v. Andress, 5 Phila. 8; Paist v. Caldwell, 75 Pa. 161; Scott v. Avery, 5 H. L. 811; D. & H. C. Co. v. P. C. Co., 50 N. Y. 250.

OPINION BY MR. JUSTICE FELL, July 15, 1896:

The policy of insurance upon which this action was brought contained the usual stipulations with regard to furnishing proofs of loss, and the defense was based mainly upon the failure of the insured to comply with the requirements of the policy in that particular.

The plaintiff, who lived in Camden, New Jersey, had insured with the defendant company a dwelling house and stable situated in Elk county, Pennsylvania. On August 25, 1894, both buildings were entirely destroyed by fire. He at once notified the agent, and was informed by him that he had notified the proper officers of the company. On September 21, he received a letter from the adjuster, Mr. Clinger, requesting him to go to Williamsport and " go over the loss." In order to do this he would be obliged to travel some two hundred miles from his home, and on the 29th he wrote to the adjuster, objecting because of the expense and loss of time it would entail, and asking whether it was " unavoidably necessary." On October 10, the adjuster replied by letter: " If you think it a hardship to meet me at Williamsport do not comply with the request, but comply strictly with the policies you hold." On October 11, the

plaintiff wrote to the insurance company stating (1) that he had a policy issued by it, giving its number, date and amount, and describing the property insured; (2) that the property had been totally destroyed on August 25 by a fire which originated on the property of a neighbor and had been carried by the wind to his buildings; (3) the amount of insurance in another company; (4) the amount it would cost to replace the buildings. He further stated that he had notified the company's agent and that their adjuster had examined the property and found the buildings entirely consumed. He then recited the substance of his letter to Mr. Clinger and continued: " I enclose herewith copies of both his letters. The last one dated Oct. 10, '94, is written in a mysterious manner alluding to a strict compliance of the policy, but does not explain in what way I omitted to strictly comply with the policy. I have read both policies and cannot find anything where I have failed in strictly complying with the conditions of these policies, but if there is anything further to be done I wish you would please inform me and also inform me whether it was unavoidably necessary to answer the summons of Mr. Clinger or not, and by so doing you will greatly oblige" etc. To this letter the defendant replied: " The matter is in the hands of our representatives in Pennsylvania and strict compliance with the conditions of the policy will be required."

The plaintiff had distinct notice that the requirements of the policy would be insisted upon. Although intended for the protection of the company these requirements were conditions precedent to the right of action, and he was bound to comply with them in order to recover on the policy. On the other hand, if in good faith he had attempted to comply, it was the duty of the company to notify him of any objections to the proofs furnished. This has been repeatedly decided. In Gould v. Ins. Co., 134 Pa. 588, after a careful review of the cases it was said by MITCHELL, J., " If the insured in good faith and within the stipulated time does what he plainly intends as a compliance with the requirements of the policy, good faith equally requires that the company shall promptly notify him of their objections so as to give him the opportunity to obviate them; and mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel."

The plaintiff's letter of October 11 was intended to furnish the information required. No other conclusion is possible. He stated what he knew about the insurance on the building, the circumstances of the fire and the extent of the loss. This he afterwards testified was all the information it was possible for him to give. He did not have such a knowledge of the buildings as to enable him to state their dimensions or the details of their construction. Referring to Mr. Clinger's letter he said: "The last one is written in a mysterious manner. . . . but does not state in what way I omitted to comply with the policy. I have read both policies and can't find anything where I have failed in strictly complying with the conditions, but if there is anything further to be done I wish you would please inform me." If in the opinion of the officers of the company this was not a substantial compliance, or if they wished further information, it was clearly their duty so to inform him.

The insured if required was to furnish a certificate of a magistrate or notary. He was not required to furnish one. It cannot be said that the notice to comply with the conditions of the policy was notice to furnish the certificate. The company could insist upon the certificate, but the insured was under no duty to furnish it unless required to do so. The arbitration clause was similar to, if not identical with, that considered in Boyle v. Ins. Co., 169 Pa. 349, in the opinion in which case it was said by WILLIAMS, J.: "When one clause in a fire insurance policy provides that in case of loss an estimate shall be made by the insured and the company, and another clause provides that in case they differ the subject is to be referred to appraisers selected as therein provided, the remedies are successive, and neither party can insist upon the second who has not shown himself willing and ready to enter upon the first."

The defendant company, by letter of November 3, distinctly denies its liability on the policy, basing its refusal to pay upon the failure of the plaintiff to furnish proofs of loss within the time specified. As the testimony was undisputed, and nearly all of it, in fact all that was material in making out the plaintiff's case, was in writing, we see no error in the peremptory direction given by the learned judge.

The judgment is affirmed.