D. G. Yuengling & Son, now assigned to C. Stegmaier & Son, *v.* Peter P. Jennings and Ann Jennings and the Quaker City Mutual Fire Insurance Company, Garnishee, Appellant.

*Insurance—Defective proof of loss—Notice—Duty of the company— Waiver by estoppel.*

If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them ; and mere silence may so mislead him to his disadvantage to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel.

Argued Jan 11, 1898. Appeal, No. 12, Jan. T., 1898, by insurance company, garnishee, from judgment of C. P. Luzerne Co., May T., 1894, No. 672, on verdict for plaintiff. Before Rice, P. J., Wickham, Beaver, Orlady, Smith and Porter, JJ. Affirmed.

Assumpsit on policy of insurance. Before Woodward, P. J. The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $705.60. Garnishee appealed.

*Errors assigned* among others were refusal to affirm defendant's first, second, third, fourth and eleventh points, which points were as follows : " 1. The evidence offered by the plaintiff in this case fails to establish that J. W. Miller had any greater authority than that of a local solicitor, and is insufficient to show that he had the authority of a general agent of garnishee company, consequently any acts performed by him or service of notice, or proofs of loss upon him cannot bind the garnishee company. 2. The authority of J. W. Miller, as general agent of garnishee company not having been shown by a certificate of authority, and it appearing that he did not countersign the policy claimed on in this case, any acts of his aside from the delivery of the policy and receipt of premium would not bind the garnishee company, and it must be excluded by

the jury from their consideration.  3.  The plaintiff's account of his loss in this paper dated April 5, 1894, is not such a particular account of his loss or damage as the terms of the policy require of him, and no particular account of his loss or damage having been delivered to the garnishee company or its general agent within sixty days next after the fire, he or his assigns cannot recover.  4.  There is no evidence to be submitted to the jury of the waiver of the requirements of the policy claimed on to give a particular account of the plaintiffs' loss or damage, within sixty days next after the fire, and the plaintiff or his assigns cannot recover.   11.  Under all the evidence in this case the verdict must be for the defendant."

*James R. Scouton,* with him  *W. R. Gibbons,* for appellant.— The alleged proof of loss said to have been furnished in this case was utterly defective, and no waiver can be implied from its transmission to the company : Beatty v. Ins. Co., 66 Pa. 9.

That the rule as laid down by Justice MITCHELL in Gould v. Insurance Company, is not as broad as it would appear upon first reading, we refer to the same justice in another part of the same opinion, in which he says : " In establishing this rule in regard to the conduct of insurance companies, as to objections to proof of loss, it is not intended to encroach at all on the doctrine of waiver by estoppel, as laid down in the well considered and authoritative cases of Trask v. Fire Insurance Company, 29 Pa. 198, and Beatty v. Insurance Company, 66 Pa. 9."

We, therefore, respectfully contend that our assignments of error, numbers three and four, should be sustained, because (1) the paper offered as a proof of loss was not such as required notice from the garnishee of its defects, and (2) the garnishee by neither act nor deed, did anything prior to the expiration of the sixty days, which constitutes in law acceptance of the paper as a proof of loss, or a waiver of the formal proof, and for a further reason, that the attachment execution having been issued on April 23, 1894, and interrogatories served on or about May 10, 1894, long before the expiration of the sixty days, the parties were dealing at arms' length, and the garnishee was under no obligation to notify the insured of defects in the alleged proof of loss, which would inure to the benefit of the attaching creditor: Hocking v. Howard Insurance Co., 130 Pa. 170.

*E. F. McGovern,* with him *John McGahren,* for appellee, relied on Gould v. Ins. Co., 134 Pa. 570, 588; Moyer v. Ins. Co., 176 Pa. 579.

OPINION BY SMITH, J., February 19, 1898:

The broad question here is whether upon all the evidence the defendant company is liable under the policy for the loss by fire of the property insured. The assignment of errors contains twenty specifications, several of which repeat, in varying phrase, the substance of others. The eleventh is that the court erred in declining to affirm the point that "Under all the evidence in the case the verdict must be for the defendant." This brings up the whole case for review. Upon examination, however, it appears that the controverted points are quite few. Testimony sufficient for submission to the jury, was introduced tending to show: (1) That the insurance was effected through J. W. Miller, an insurance agent, who received the premium, forwarded it to the company, and delivered the policy to the insured. (2) That on March 31, 1894, while the policy was in force, the property insured was destroyed by fire, without fraud or fault on the part of the insured. (3) That what the insured described as "A proof of loss . . . . according to the terms of the policy," verified by affidavit, and accompanied with the justice's certificate, was on April 5, 1894, delivered by the insured to the agent, Miller, and by him mailed to the company, and was produced by the company on trial. (4) That no objection or answer of any kind was made to this by the company. (5) That receiving no answer to this notice of loss or to his letters, the insured, on June 27, 1894, made out, swore to, and mailed to the company, a more formal proof of loss, in accordance with the detailed requirements of the policy. (6) That the insured received no answer from the company to any of his communications until January 21, 1895, when a letter came by mail calling on him to appear at the company's office in Philadelphia, and submit to an examination under oath.

The specifications of error relate to questions of fact, mainly, which were properly submitted to the jury. The objection to the sufficiency of the proofs of loss was the principal matter discussed on the argument. This matter we think comes fairly within the rule laid down in Gould v. Insurance Co., 134 Pa.

588, and Moyer v. Insurance Co., 176 Pa. 579, as held by the learned judge of the court below. The rule is as follows : " If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them ; and mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel." It is idle now to question the validity of this rule, or to argue that it is stated too broadly. It is the logical deduction from all the authorities, including those here cited in opposition to it. The opinion of Mr. Justice MITCHELL indicates a full examination of the cases on the question of waiver and of estoppel, in their relation to insurance contracts, and the rule referred to was evidently well considered before its adoption. It is a just and safe guide for both insurers and insured, sound in principle and salutary in its operation.

In the present case it is not denied that " the insured, in good faith, and within the stipulated time, did what he plainly intended as a compliance with the requirements of his policy," and for that purpose called to his aid the assistance of a justice of the peace whose certificate was required. His communication was unanswered by the company. His subsequent efforts to obtain an answer were similarly disregarded. Not until about ten months after the loss could the insured elicit an answer from the company, and this consisted of a peremptory demand that he go to Philadelphia and submit to an examination. Such unexplained silence or indifference, in the face of contractual obligations, will be neither encouraged nor excused by this court. We therefore hold that the defendant company is now estopped from making a denial of the sufficiency of the proofs submitted, which would turn the plaintiff out of court because of formal inadequacy. This is not a case in which the insured made no effort to comply with the requirements of his policy. On the contrary, it is evident that he endeavored to do so promptly and according to his understanding of his duties. His efforts in that direction were apparently spurned with contemptuous silence by the officers of the company. He is not now to be impaled on the horn of technicality, in aid of such treatment.

The question of the authority of Mr. Miller, as general or special agent, is not involved in this case.   No objection is made to what he did in procuring the insurance or in receiving the premium, and, while the first proofs of loss were handed to him, it is not denied that he promptly mailed them to the company. It is not contended that the proofs were "served" on him or that he had authority to accept such service.   It was unnecessary to show this when it was not alleged that the company did not receive them by due course of mail within the period fixed by the policy.   It would appear from the testimony that the proofs were executed before the justice by the insured and received by the company within ten days of the loss by fire. Whether the company has since become insolvent, or proceedings are pending to have a receiver appointed, is not material here.

The assignment of errors is overruled and the judgment is affirmed.