## Hanover Fire Insurance Co. v. W. R. Harper.

1. INSURANCE—*Condition Precedent to Suits on Policies.*—A condition in a policy providing for the appraisal of the property destroyed in a case of disagreement as to the amount of loss, can not be regarded as a condition precedent to bring a suit unless there has been in fact a disagreement as to the amount of such loss.

2. SAME—*What is Not a Condition Precedent in this Case.*—Where the conditions of a policy on insurance provides for the appraisal of the property in case of a disagreement as to the amount of loss, such appraisal is not a necessary condition precedent unless there has been a disagreement between the parties as to the amount of loss.

Assumpsit, on a policy of insurance. Trial in the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Judgment for plaintiff on demurrer. Appeal by defendant. Heard in this court at the February term, 1898. Affirmed. ₊Opinion filed August 31, 1898.

CHOISSER, WHITLEY & CHOISSER, attorneys for appellant.

PARISH & PARISH, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action on a policy of insurance. Appellant demurred to the declaration, alleging that the policy of insurance, which is made part of the declaration, requires an appraisal of the property in case of a disagreement as to the amount of loss, and that no suit shall be brought on such policy until appraisal has been had. That this condition of said policy is a condition precedent to bringing suit, and that the plaintiff in his declaration does not aver its performance nor excuse its non-performance. The demurrer was overruled and appellant abided by his demurrer. Default was entered for want of plea. Damages were assessed by the court, after hearing evidence, at $1,766, and judgment rendered for this amount and costs of suit.

Appellant assigns four errors on the record, but says in his argument, "We only desire to consider the first error assigned, that is, the court erred in overruling the demurrer. If we sustain this proposition, then it follows that no evidence should have been heard and no judgment rendered against defendant."

A demurrer admits all the facts that are well pleaded. If appellee's allegations then entitle him to recover, the demurrer was rightly overruled. As no exception is taken to any allegation in the declaration, or to the lack of any allegation except that there is no averment of an appraisal, we may assume that the declaration is in all other respects sufficient. If an appraisal was a condition precedent to bringing suit, then the declaration is not sufficient and the demurrer should not have been overruled.

The special cause of demurrer as stated in the demurrer, is as follows: "The policy of insurance which is made part of plaintiff's declaration, provides for an appraisal of the property in case of a disagreement as to the amount of loss, and that no suit shall be brought on said policy until such appraisal has been had, when appraisal has been required." The case will be considered as made by the demurrer. Is, then, an appraisal under the terms of this policy a condition precedent in all cases before suit can be brought?

This question is answered by reference to the condition in the policy as stated in the demurrer. The policy "provides for an appraisal of the property in case of a disagreement as to the amount of the loss." It follows, then, that if there is no disagreement as to the amount of loss, no appraisal is required before commencing suit.

The clauses relied upon by appellant as requiring an averment of appraisal, are in substance as follows: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the assured and this company, or, if they differ, then by appraisers as hereinafter provided."

"In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers."

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by the company, including an award by appraisers when appraisal has been required."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It will be seen by an examination of these clauses, that an appraisal is not required unless there has been a disagreement between the insured and the company as to the amount

of loss. Clearly no averment of an appraisal is necessary unless the appraisement itself was necessary. A disagreement can not be presumed by the court in order to sustain a demurrer. If any presumption is indulged, in the absence of evidence, it would be that when sworn proofs of loss are furnished as required by the policy, the loss is correctly stated, and that there is no disagreement. Men are presumed to be honest rather than dishonest, truthful rather than untruthful. No exception being taken to the declaration except the special cause of demurrer assigned, it is taken to be in all other respects apt and complete. The demurrer admits the truth of all facts well pleaded. Proofs of loss sworn to and a certificate furnished with all other requirements fulfilled, and no disagreement being shown in the declaration, how can the court say on the face of the papers that there was a disagreement as to the amount of loss, and in consequence thereof an appraisal was necessary? And yet it must appear on the face of the declaration that it was necessary, or its averment is not necessary; and if its averment is not necessary the demurrer was properly overruled.

"A condition in a policy providing for an arbitration can not operate to deprive the insured of his right of action, unless clearly made a condition to the existence of such right." Birmingham Fire Ins. Co. v. Pulver, 126 Ill. 338.

When a policy provides that "in case differences shall arise touching any loss or damage * * * the matter shall, at the written request of either party, be submitted to arbitrators," the Supreme Court has repeatedly decided that the request was a condition precedent to requiring an arbitration. Birmingham Fire Ins. Co. v. Pulver, *supra*.

Our construction of the terms of this policy is sustained by the opinion of the Supreme Court in German Fire Ins. Co. v. Steiger, 109 Ill. 256. In this case the policy contained the following conditions:

"Loss and damage to property totally or partially destroyed, unless the damage is agreed upon between the assured and the company, shall, at the request of either

party, be appraised. * * * It is expressly covenanted by the parties hereto, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or of chancery, until after an award shall have been obtained fixing the amount of such claim in the manner above provided."

Defense was made on account of the want of an award, the objection being raised to the sufficiency of the proof in not containing such award, and to the refusal of an instruction asserting the necessity of an award. The court say: " We are of the opinion that, reading all the above conditions together, the appraisal and award which were contemplated, were to be at the written request of one of the parties; that such written request was a condition precedent to such appraisal and award; and that there not having been a written request by either party for an appraisal, an appraisal and award were not necessary under the conditions in order to entitle the plaintiff to recover."

It is clear that in the above case, if a " written request" was a condition precedent to the necessity of an appraisal and award, the existence of the "condition precedent" must appear in the declaration before a failure to aver an appraisal and award would be a defense that could be raised by demurrer. So in the case at bar. If a disagreement as to the amount of loss was a condition precedent before an appraisal was required, the fact of a disagreement must appear in the declaration before the lack of an averment of appraisal can be reached by demurrer. A demurrer reaches only a defect which is apparent on the face of the pleading.

That an award is necessary only in a case of disagreement, under a policy similar to the policy in this case, was held in Vangindertaelen v. Phœnix Ins. Co., 82 Wis. 112. The clause in reference to award was in substance: " The amount of damage may be determined by agreement between the company and the insured, or, failing to agree, the same shall then be determined by arbitration." Pass-

ing upon this clause, the court holds that arbitration was only provided for in case the parties failed to agree, and that the award was only a condition precedent in case of disagreement.

Appellant cites Mosness v. German Ins. Co., 50 Minn. 341, and say in this case a demurrer was sustained to the complaint. The case does not support appellant's position, for the reason that the complaint in the case above shows that there was a disagreement. The court says: "The language used constituted a condition precedent to plaintiff's right of action when circumstances transpired to which the language was applicable; that is, when the insurer and the insured disagreed over the amount of the loss. Now from the allegations of this complaint, it clearly appears that a dispute had arisen between these parties as to the very matter covered and provided for by these provisions, and that there existed a condition of affairs which demanded an appraisal and award in the manner expressly stipulated for in the insurance contract." This case would have been in point if the declaration, in the case at bar, had stated there was a disagreement as to the amount of loss, but it does not.

In Kahnweiler et al. v. Phœnix Ins. Co., 57 Fed. Rep. 562, the objection that there was no award did not arise on demurrer but in the trial of the case, in which it appeared there had been a disagreement, and that there was no award. The court say: "It must be observed that in the case at bar the provision for arbitration is absolute, and forms part of the contract. It is also in terms declared to be a condition precedent to bringing suit." Phœnix Ins. Co. v. Stocks et al., 149 Ill. 324, is relied upon by appellant. In this case it is said: "It seems to be well settled in this State, whatever may be the rule elsewhere, that the plaintiff is required only to allege and prove such matters as appear to be conditions precedent in the policy." And again: "The rule so often announced by this court, that in construing these and like clauses, that construction is to be adopted which is most favorable to the assured, applies." The question involved in the case at bar did not arise on demurrer in the Stocks

case. An examination of the case as reported shows, too, that the language of the policy was much stronger than in the present case. The policy provided that "The amount of * * * damage to the property * * * may be determined by mutual agreement * * * or failing to agree, shall then be submitted to * '* * arbitrators. It is * * * expressly provided * * * that no suit or action * * * shall be sustainable * * * until after an award shall have been obtained finding the amount of such claim in the manner above provided, which is agreed to be a condition precedent." The court say: "The insured must arbitrate or offer to do so unless the obligation is waived, while the company may or may not, at its option. These conditions do not exist in the policy sued on in the case at bar. In it the appraisal is only required in case of disagreement, and the loss is not payable until sixty days after notice, ascertainment, estimate and satisfactory proof of the loss, * * * including an award by appraisers when appraisal has been required." This falls far short of the terms of the policy in the Stocks case, of which the court say, "the insured must arbitrate, or offer to do so, unless the obligation is waived."

In Chippewa Lumber Co. v. Phœnix Ins. Co., 80 Mich. 122, the question was not raised upon demurrer, but in the trial. The court say: "The policy in the present case provides that the amount of loss shall be submitted to arbitration. The right to arbitrate is not made conditional upon a written request of either party."

In Johnson et al. v. Humboldt Ins. Co., 91 Ill. 94, the language of the policy was: "That no suit * * '* shall be sustainable * * * until after an award shall have been obtained," etc. This is not the language of the present policy, there being in it no unconditional requirement of an award.

In Niagara Fire Ins. Co. v. Bishop, 154 Ill. 14, the terms of the policy are similar to the terms in the case at bar. But the question was raised upon a special plea, averring

that there was a disagreement, and that the defendant demanded an appraisal as provided in the policy.

This case shows, too, the proper way of raising this question on a declaration and policy such as are in the case at bar, namely, by special plea instead of by demurrer.

Rockford Ins. Co. v. Nelson, 65 Ill. 418, cited by appellant, does not hold differently when properly considered. In it the court say: "But all conditions subsequent to the right of recovery * * * may be omitted and left to be set up as a defense." The right of recovery exists when the insured has suffered loss and has made proof as required by the policy. If the company does not agree with him in his estimate of his loss, it is a condition subsequent to his right of recovery to be pleaded as a defense.

By the terms of the policy, an appraisal being necessary only in case of disagreement, and no disagreement appearing in the declaration, none can be presumed in order to support the demurrer.

No other exception being taken to the declaration, it must be regarded as apt and complete, and the demurrer properly overruled. Judgment affirmed.