SPRINGFIELD FIRE & MARINE INS. CO.
v. BARNETT. (No. 6071.)

(Court of Civil Appeals of Texas. April 16, 1919. Rehearing Denied June 18, 1919.)

1. INSURANCE ☞567 — FIRE POLICY — ARBITRATION—NECESSITY.

Where fire policy provides for arbitration as to amount of loss in the event of a disagreement between the parties, such disagreement is prerequisite to right to demand such arbitration, and a mere arbitrary refusal to pay amount demanded and offering a less amount does not constitute such a disagreement.

2. INSURANCE ☞612(3)—FIRE POLICY—ARBITRATION—EFFECT OF AGREEING TO.

Where right to demand arbitration had not arisen under fire policy, there being no disagreement as to loss, that insured did enter into arbitration which resulted in arbitrators' failing to appoint an umpire would not defeat right to sue on policy, such collateral agreement being no part of policy, in view of Const. art. 1, § 13, providing that no right is waived unless in plain terms.

3. INSURANCE ☞612(3) — FIRE POLICY—ARBITRATION—CONDITION PRECEDENT TO SUIT.

Fire policy may legally provide for determination of amount of loss by arbitration and make determination condition precedent to suit on policy.

4. INSURANCE ☞612(3)—FIRE POLICY—ARBITRATION—CONDITION PRECEDENT TO SUIT.

A stipulation in fire policy to submit issues as to amount of loss to arbitration, where policy does not provide that same shall be done before any suit is brought, is collateral to insurance contract and will not defeat a suit brought thereon without such award.

5. APPEAL AND ERROR ☞1043(7)—HARMLESS ERROR—CONTINUANCE.

A continuance for absent witness will not be held to have been erroneously denied, where witness appeared and testified on the trial.

6. APPEAL AND ERROR ☞1043(7)—HARMLESS ERROR—CONTINUANCE.

Denial of continuance, asked for on ground that defendant's attorney was appearing in another trial, will not be held erroneous, where company was represented by an able firm of lawyers, a member of which had previously assisted in a previous trial of cause.

7. EVIDENCE ☞473—OPINION EVIDENCE—IMPRESSION OF WITNESS.

Testimony that from what witness heard he had formed impression that another was wanting to select an umpire to arbitrate loss under insurance policy is mere opinion evidence.

8. APPEAL AND ERROR ☞207—OBJECTIONS IN LOWER COURT—ARGUMENT OF COUNSEL.

Argument of counsel not objected to at trial will not be considered on appeal.

Error from District Court, McLennan County; H. M. Richey, Judge.

Action by Elmer Barnett against the Springfield Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

W. L. Eason, of Waco, for defendant in error.

JENKINS, J. (Our findings of fact necessary to understanding this case will be contained in the opinion.)

This suit was brought upon a fire insurance policy on goods, wares, and merchandise, a part of which were destroyed and a part injured by fire during the life of the policy. The case was submitted to a jury on the following special issues:

"First Question. Was the failure of Wm. Green and A. L. Hartshorn to agree upon an

umpire due to the neglect or fault of either of them? Answer: No. Neither was exclusively to blame.

"Second Question. (If you answer first question in the negative you need not answer second question. If you answer first question in the affirmative, then answer second question.) To the neglect or fault of which of them was their failure to agree upon an umpire due? Answer: —

"Third Question: Was the failure of William Green and A. L. Hartshorn to agree upon an umpire due to any neglect or fault of either the plaintiff or defendant? Answer: No. Neither was exclusively to blame.

"Fourth Question: (If you answer third question in the negative, then you will not answer fourth question. If you answer third question in the affirmative, then answer fourth question.) To the neglect or fault of which of them was the failure of William Green and Hartshorn to agree upon an umpire due? Answer: —.

"Fifth Question: Were the estimates of witnesses Jarrell and Locke, Andrews and Locke, and Hines and plaintiff, made under agreement of the insurance company and plaintiff that the same should take the place of and be accepted in lieu of the appraisement as provided in the insurance policy sued on herein? Answer: No.

"Sixth Question: Was the demand for an appraisement as made by the defendant's adjuster made in good faith and for the purpose of having a valid appraisement? Answer: Yes.

"Seventh Question: What was the actual cash value of the plaintiff's stock of merchandise at Cameron, Texas, immediately preceding the fire? Answer: $5,682.40.

"Eighth Question: What was the actual cash value of plaintiff's stock of merchandise at Cameron, Texas, immediately after the fire? Answer $2,226.41.

"Ninth Question: What was the actual cash value of plaintiff's furniture and fixtures at Cameron, Texas, immediately preceding the fire? Answer: $884.67.

"Tenth Question: What was the actual cash value of plaintiff's furniture and fixtures at Cameron, Texas, immediately after the fire? Answer: $442.33.

"Plaintiff's Special Issue One: Did the defendant's adjuster, acting with the plaintiff, attempt to ascertain and estimate plaintiff's loss and damage? Answer: No.

"Plaintiff's Special Issue Three: Did William Green desire an appraisal? Answer: Yes."

[1] Judgment was entered for defendant in error, who will hereinafter be referred to as Barnett, for the amount found by the jury. The evidence sustains said findings. At the conclusion of the testimony, plaintiff in error, which will hereinafter be referred to as insurance company, moved the court for an instructed verdict, and assigns error upon the refusal of the court to grant such motion. Barnett objects to the consideration of the insurance company's assignments of error, for the reason that they do not comply with the rules in reference to briefing. The violation complained of is purely technical, and the manner in which the brief is written aids this court more than it would have done had the rules been strictly complied with, inasmuch as it avoids a repetition of facts shown by the record.

The motion for an instructed verdict was properly overruled, for the reason that there were several issues of fact for the determination of the jury raised by the pleadings and the evidence. Among these are:

(a) Was there a disagreement between the parties as to the amount of loss?

(b) Did Hartshorn, the appraiser selected by the insurance company, arbitrarily terminate the effort to agree upon an umpire, and did the insurance company ratify such action?

There were other issues of fact which might properly have been submitted to the jury, and which need not here be stated.

The insurance company bases its contention with reference to its demand for an instructed verdict upon the proposition that, inasmuch as the policy here sued on provided that, in the event of a disagreement between the parties as to the amount of loss, the same should be submitted to arbitrators, who should first select an umpire, and that the award of such arbitrators should be a prerequisite to bringing suit on the policy. Appraisers were selected by the insurance company and Barnett, respectively, but they failed to agree upon an umpire, for which reason there was no award of the arbitrators.

With reference to ascertaining the amount of loss, the policy provides as follows:

"Said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers as hereinafter provided."

It will thus be seen that the policy did not require an ascertainment of the loss by appraisers, unless the parties to the insurance contract should differ as to the loss arising under the same. It will be seen by reference to the findings above set out that the jury found that the company's adjuster, acting with Barnett, did not attempt to ascertain and estimate Barnett's loss and damage. The evidence sustains this finding. Such being the case, we hold that there was no disagreement between the parties as to the amount of loss within the meaning of the policy. The company's adjuster refused to go with Barnett and examine the goods, and try to agree upon the amount of the loss. He offered Barnett a certain sum in full payment of the liability of the insurance company herein, as well as of the Prussian Insurance Company, in which Barnett held a policy for $1,000, and in which the adjuster of the insurance company involved in this suit was also adjuster for the Prussian Insurance Company.

[1] Where a policy provides for arbitration as to the amount of loss, in the event of a disagreement between the parties, such a disagreement is a prerequisite to the right to demand such arbitration. The disagreement

must be one in fact, evidenced by an attempt in good faith on the part of the party demanding arbitration to agree as to the loss. A mere arbitrary refusal to pay the amount demanded, and offering a less amount, does not constitute such a disagreement as is contemplated by the policy. Insurance Co. v. Simmons, 12 Tex. Civ. App. 607, 35 S. W. 723; Ins. Co. v. Stuart, 38 S. W. 396; Ins. Co. v. Cannon, 45 S. W. 949; Hickerson v. Ins. Co., 96 Tenn. 193, 33 S. W. 1042, 32 L. R. A. 172; Boyle v. Ins. Co., 169 Pa. 349, 32 Atl. 553; Moyer v. Sun Ins. Office, 176 Pa. 579, 35 Atl. 221, 53 Am. St. Rep. 690; Rice v. Ins. Co., 17 Pa. Super. Ct. 268; Ins. Co. v. Vallandingham, 116 Ky. 287, 76 S. W. 22, 105 Am. St. Rep. 218; Ins. Co. v. Harper, 77 Ill. App. 453; Fletcher v. Ins. Co., 79 Minn. 337, 82 N. W. 647; Randall v. Ins. Co., 10 Mont. 367, 25 Pac. 961; Ins. Co. v. Badger, 53 Wis. 283, 10 N. W. 504; Ins. Co. v. Hall, 1 Kan. App. 18, 41 Pac. 65; Kelly v. Ins. Co., 94 Minn. 141, 102 N. W. 380, 110 Am. St. Rep. 351; 2 Beach on Insurance, § 1244; Bidwell on Insurance, § 1157; 14 R. C. L. p. 1356; 19 Cyc. 875.

[2] The insurance company further contends that, even though Barnett might have stood upon the right to have a fair attempt to agree with the insurance company as to the amount of loss, and might have refused to appoint an appraiser until such ascertainment was attempted, inasmuch as he did not do so, he waived such right, and is bound by the arbitration clause of the policy.

If the right to demand arbitration had not arisen under the terms of the policy, the agreement to arbitrate was a collateral agreement to settle a dispute which had arisen under the contract of insurance, but was no part of the policy, and the fact that the agreement was that the arbitrators, in arriving at the amount of the loss, should be governed by the provisions of the policy in reference to the ascertainment of the same, did not make such agreement a part of the policy, and did not operate to prevent suit being brought on the policy where no award was made. This is true, because the agreement to arbitrate did not provide, as did the policy, that such award should be a prerequisite for bringing suit on the policy.

[3, 4] It has been held by some courts that a provision in a fire insurance policy that no action should be sustained in any court of law or chancery, until after an award for arbitrators should have been obtained fixing the amount of the loss, is void, as it ousts the courts of their jurisdiction. 14 R. C. L. 1354. It was so held by the Supreme Court of Nebraska, in Insurance Co. v. Hon, 66 Neb. 555, 92 N. W. 746, 60 L. R. A. 436, 103 Am. St. Rep. 725. The weight of authority, however, is that where a policy provides for a determination of the amount of the loss by arbitration, and, as in the instant case, provides that no suit shall be brought upon such

policy until such arbitration is had, arbitration is a prerequisite to the maintenance of a suit on the policy, provided, of course, the insurance company has not waived such right. But a stipulation in a policy to submit the issues as to the amount of loss to arbitration, where the policy does not provide that the same shall be done before any suit is brought, is collateral to the insurance contract, and will not defeat a suit brought thereon without such award. Hamilton v. Ins. Co., 137 U. S. 370, 11 Sup. Ct. 133, 34 L. Ed. 713; Ins. Co. v. Pulver, 126 Ill. 329, 18 N. E. 804, 9 Am. St. Rep. 598; Gere v. Ins. Co., 67 Iowa, 272, 23 N. W. 137, 25 N. W. 159; Ins. Co. v. Alvord, 61 Fed. 752, 9 C. C. A. 623; Crossley v. Ins. Co. (C. C.) 27 Fed. 30; Reed v. Ins. Co., 138 Mass. 572; Clement v. Assurance Co., 141 Mass. 298, 5 N. E. 847.

If an agreement to arbitrate contained in the policy, but not made a prerequisite to bringing a suit on the policy, will not defeat such suit where there has been no arbitration a fortiori, a subsequent agreement to arbitrate, which does not make such arbitration a prerequisite to a suit, will not defeat a suit brought on the policy where no award has been made under such collateral agreement. The Constitution of this state (article 1, § 13) declares that courts shall be open, and every person, for injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law. No one should be held to have waived in advance his right to submit a disputed matter to a jury under the direction of the court unless he has done so in plain and unambiguous terms. Courts will not be prevented from asserting their jurisdiction by doubtful intendment.

The arbitrators appointed made an ineffectual attempt to agree on an umpire. The policy provides that an umpire must be selected before undertaking the work of appraisement by the arbitrators. As will be seen by reference to the findings of the jury, neither party was exclusively to blame for failure to agree on such umpire. The jury found that Green, the appraiser selected by Barnett, desired such appraisal. We think, perhaps, the facts would have sustained the finding, had such issue been submitted, that Hartshorn, the appraiser selected by the insurance company, by refusing to either accept or reject the last party suggested as umpire by Green, arbitrarily put an end to the effort to agree on said umpire, and that the insurance company, with knowledge of such fact, ratified his action. It is, however, the contention of the insurance company that it was Green, and not Hartshorn, who was to blame for failure to agree upon an umpire. This issue is immaterial, inasmuch as such agreement was not prerequisite to bringing suit, as Green, the representative of Barnett, or Barnett himself, might have arbitrarily refused to proceed with the effort to select such umpire. Insurance Co. v. Pulver, supra.

The case last above referred to clearly states the law, as we understand it, with reference to this matter, as follows:

"A condition in a policy providing for an arbitration cannot operate to deprive the insured of the right of action, unless clearly made a condition precedent to the existence of such right."

And it further holds that the insured may arbitrarily abandon the effort to obtain such appraisement. As we have said, this rule of law will certainly apply to a collateral agreement made subsequent to the issuance of the insurance policy.

The questions of law hereinbefore discussed are also raised by the insurance company in its assignment of error to the effect that the court erred in not rendering judgment for the insurance company upon the findings of the jury. Barnett insists that the provision with reference to arbitration is void under what is commonly referred to as our "technicality statute," with reference to insurance policies. Vernon's Sayles', Ann. Civ. St. 1914, art. 4874a. The view which we take of the law applicable to this case, as hereinbefore stated, renders it unnecessary for us to decide this point. It follows, from what has hereinbefore been stated, that the judgment of the trial court herein should be affirmed, unless reversible error was committed in the trial of this cause.

[5, 6] The insurance company assigns error in the action of the court overruling its motion for continuance. This motion was based upon the absence of a material witness, who had not been subpoenaed, but who had promised to attend the trial; and upon the further fact that Eugene P. Locke of the firm of Locke & Locke, attorneys for insurance company, had an important case set in the district court of Kaufman county on March 11th, this case being called for trial on March 4th.

The witness referred to appeared and testified on the trial hereof. It appears from the record that the insurance company was represented also by Witt & Witt, a firm of able lawyers at Waco, and that one of the members of that firm had assisted in a previous trial of this cause. The insurance company appears to have been ably represented by Witt & Witt, and we hold that no reversible error was committed in overruling the insurance company's motion for a continuance.

[7] The insurance company also assigns error upon the refusal of the court to permit a number of witnesses to testify that they heard portions of the conversation between Green and Hartshorn; and that from what they heard the impression formed in their minds was that Mr. Hartshorn was wanting to select an umpire, that any good man would have suited him, and that Green did not want an appraisal.

This testimony was not admissible, because it was mere opinion evidence, and did not come within any of the exceptions rendering such testimony admissible. No material error was committed in rejecting such testimony for the further reason, as stated by us, that Barnett or Green had the right to abandon such attempted arbitration at any time. Neither was it error to permit Barnett to testify as to why he was not present when certain interrogatories were taken, the company having first shown that he was not present at such time.

[8] The insurance company assigns error upon the remarks made by Barnett's attorney in his closing argument in this case. A sufficient answer to this assignment is that no objection was made thereto by counsel representing the insurance company.

Finding no reversible error of record, the judgment of the trial court is affirmed.

Affirmed.